UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN C. CALDERON,

              Plaintiff,

      v.

CALIFORNIA PRISON HEALTH CARE SYSTEM,

              Defendant.

Case No.  25-cv-10789-JSC

**ORDER OF TRANSFER**

Plaintiff, a California prisoner at the R.J. Donovon Correctional Training Facility ("Donovon") in San Diego, California, proceeding without attorney representation, filed this civil rights action under 42 U.S.C. § 1983.  He alleges he has suffered from "intestinal dysfunction" and "venal cardiac issues" for 33 years. (ECF No. 1 at 1.)  He sues the California prison health care "system" (*id.*) and claims he is being "denied health care" by "female doctors and nurses" who are "always highly interested or motivated to please personal pleasures rather than providing health care" (*id.* at 2, 3).

When, as here, jurisdiction is not founded on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). When a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a).

Under 28 U.S.C. § 1391(b), venue is not proper in this district.  First, no defendant

United States District Court
Northern District of California

"resides" in this district because the defendant under Section 1391(b)(1) insofar as the only defendant, California's prison health care "system," is not an individual or legal entity that can be sued. Second, the events or omissions giving rise to Plaintiff's claim that he is being denied adequate medical care occurred at Donovon, which is located within the venue of the Southern District of California, not the Northern District of California. *See* 28 U.S.C. §§ 84(a),(d); 1391(b)(2).[1] Finally, there is a district in which the action may be brought --- the Southern District of California, where the allegedly inadequate medical care is occurring. *See* 28 U.S.C. § 1391(b)(3). Accordingly, in the interests of justice and pursuant to 28 U.S.C. § 1406(a), this case is TRANSFERRED to the United States District Court for the Southern District of California where venue is proper.

The Clerk of the Court shall transfer this matter forthwith. In light of this transfer, the Court defers to the Eastern District for ruling on Plaintiff's motion for leave to proceed in forma pauperis.

The Clerk shall terminate docket number 3 from this Court's docket.

**IT IS SO ORDERED.**

Dated: February 27, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

---

[1] If Plaintiff was previously imprisoned within the Northern District of California and received inadequate medical care at such prisons, this district would be a proper venue for such claims. *See* 28 U.S.C. § 84(a) (providing the venue for the United States District Court for the Northern District of California comprises the counties of Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo, and Sonoma). His complaint here does not assert any such claims.